UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY KONRATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16CV519-PPS |
| vs. | ) |
| | ) |
| BRUCE EMBREY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Gregory Konrath, a *pro se* prisoner, filed this case pursuant to 42 U.S.C. § 1983 against Miami County prosecuting attorney Bruce Embrey. Konrath complains that Embrey, the prosecutor in his underlying state criminal case, filed a probable cause affidavit for attempted murder, even though there was insufficient evidence to establish probable cause. He also complains that the prosecutor moved the case to a different county from where the alleged attempted murder occurred. Konrath seeks money damages against Embrey based on those actions.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Konrath's claims against the prosecutor are barred by the doctrine of prosecutorial immunity. The prosecutor is entitled to absolute immunity for his actions "in initiating a prosecution and in presenting the State's case" against Konrath. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Filing probable cause affidavits and motions concerning venue during trial are both part of presenting the State's case. Therefore, the prosecuting attorney is not subject to civil liability based on those actions. Accordingly, Miami County Prosecutor Bruce Embrey is immune from suit.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the immunity of the prosecutor.

For these reasons, this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A.

ENTERED: August 22, 2016     /s/ Philip P. Simon

Chief Judge